FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2012 NOV -9  PM 1:43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JOYCE NUNEZ.

    Plaintiff,

vs.                                            CASE NO.: 5:12-cv-626-0c-22POL

DIVERSIFIED COLLECTION SERVICES INC.
JOHN DOES 1-10 and JANE DOES 1-10

    Defendant(s)

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Joyce Nunez, (hereinafter 'Plaintiff'), by and through the undersigned attorney, Katie M. Stone, and for Plaintiff's Complaint against Defendant(s) DIVERSIFIED COLLECTION SERVICES INC., Defendant(s), John Does 1-10; and Defendant(s), Jane Does 1-10 (hereinafter "Defendant(s)"), and alleged and affirmatively states as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant(s), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), violation of the right to privacy under the FDCPA, and for violation of the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and their agents in illegal efforts to collect a consumer debt from Plaintiff.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the conduct complained of occurred here.

VERIFIED COMPLAINT

### III. PARTIES

3. Plaintiff is a consumer, a natural person with a permanent residence in Marion County, Ocala in the state of Florida.

4. Defendant, DIVERSIFIED COLLECTION SERVICES INC., is a foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant(s) John Does 1-10 (hereinafter "Defendant(s)") are natural person(s) who were employed by Defendant(s) as collection agents, whose identities are currently unknown to Plaintiff. Defendant(s) are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Defendant(s) Jane Does 1-10 (hereinafter "Defendant(s)") are natural person(s) who was employed by Defendant(s) as collection agents, whose identities are currently unknown to Plaintiff. Defendant(s) are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant(s) is engaged in the collection of debts from consumers using the mail and telephone. Defendant(s) regularly attempt to collect consumer debts alleged to be due to another. Defendant(s) are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

8. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff, displaying the intent to harass and annoy her, seeking and demanding payment for an alleged consumer debt owed under an account number.

9. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to July 23, 2012.

11. Upon information and belief, within one year prior to the filing of this complaint, Defendant demanded immediate payment from Plaintiff without stating that she could seek to dispute and/or receive validation for the alleged debt, overshadowing her statutory right to do so.

12. Upon information and belief, Defendant, during communications with Plaintiff, within one year prior to the filing of this complaint, did not state that Defendant was a debt collector, attempting to collect on a debt, and that any information obtained would be used for that purpose.

13. Upon information and belief, within one year prior to the filing of this complaint, Defendant did not mail Plaintiff proper statutory written notice within the first seven (7) and possible extra five (5) days from its initial communication with Plaintiff.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendant threatened to garnish Plaintiff's wages and taxes itself, and also to sue her itself, when it cannot do so.

15. Upon information and belief, within one year prior to the filing of this complaint, Defendant made a misleading communication(s) on Plaintiff's phone's Caller I.D., during an attempt(s) to collect on Plaintiff's alleged debt, by making it seem as though it was calling Plaintiff from an area code that is local to Plaintiff, when it was not.

16. Upon information and belief, within one year prior to the filing of this complaint, Defendant told spoke to Plaintiff's mother, without Plaintiff's consent, and told her mother that they could automatically take the money Plaintiff owed or the mother could give them her bank account information and they make the payment for her.

17. Upon information and belief, within one year prior to filing of this complaint, Defendant called the Plaintiff at work several different times and spoke to several different business associates about the alleged debt, including Plaintiff's boss.

18. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

### V.   CAUSES OF ACTION
#### CLAIM AGAINST DEFENDANT UNDER FDCPA

19. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

20. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

    (d) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings.

    (e) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to send written notification to Plaintiff that is received within five days of the initial communication, with said notification including the amount of the alleged debt that the Defendant was attempting to collect; and

    (f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take;

    (g) Defendant violated *§1692b(2)* of the FDCPA by telling an unrelated third party that Plaintiff owes an alleged debt without Plaintiff consent; and

    (h) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA; and

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Joyce Nunez., for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### *CLAIM AGAINST DEFENDANT UNDER FDCPA RIGHT TO PRIVACY*

23. Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

25. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

26. Defendant(s) and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

27. Defendant(s) also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully contacting Plaintiff's mother and work associates; thereby invading Plaintiff's right to privacy.

28. Defendant(s) and their agents intentionally and/or negligently caused emotional harm to Plaintiff by continuing to harass her in an effort to force her to pay on this alleged debt, thereby invading and intruding upon Plaintiff's right to privacy.

29. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

30. The conduct of these Defendant(s) and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these defendant(s) which occurred in a way that would be highly offensive to a reasonable person in that position.

31. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## *CLAIM AGAINST DEFENDANT UNDER FFDCPA*

32. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

33. Defendants violated the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA"). Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *559.72(7)* of the FFDCPA by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor.

34. As a result of the foregoing violations of the FFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney fees.

### VI.   REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against each Defendant(s) for the following:

A. Actual damages
B  Statutory damages
C. Costs and reasonable attorney fees
D. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

By: _____
Katie M. Stone
Fla Bar No.: 74194
Consumer Rights Law Firm
5401 S. Kirkman Rd., Suite 310
Orlando, FL 32819
Phone: (978) 420-4747 or (407) 217-5807
Fax: (888) 712-4458
attorneykaties@consumerlawfirmcenter.com
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE, that Plaintiff, JOYCE NUNEZ., hereby demands trial by jury in this action.

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, JOYCE NUNEZ , says as follows:

1. I am the Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1764(2), I, JOYCE NUNEZ , hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10-17-12

*Joyce Nunez*
JOYCE NUNEZ
Plaintiff